**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MARTINEZ, | |
| Petitioner, | Civil Action No. 18-1493 (CCC) |
| v. | OPINION |
| GEORGE ROBINSON, *et al.*, | |
| Respondents. | |

**CECCHI, District Judge.**

*Pro se* Petitioner John Martinez, a prisoner confined at the Northern State Prison in Newark, New Jersey, seeks to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court previously screened the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and issued an order directing Petitioner to show cause as to why the Petition should not be dismissed as time-barred. (ECF No. 5). Petitioner filed a response. (ECF No. 6).

In the show-cause order, the Court found that because Petitioner's appeal of post-conviction relief ("PCR") denial was filed on June 6, 2008, more than a year after the PCR denial, the Petition appeared untimely. (ECF No. 5 at 3). In his response, Petitioner submits his own certification, stating that the appeal was actually filed on January 22, 2007. (ECF No. 6 at 2). However, he submits no documentary proof of this filing date. Regardless, even if the Court accepts January 22, 2007 as the date of the appeal, the Petition is still untimely.

The Court also noted in the show-cause order that there was an unusually long time gap between when the PCR appeal was denied on August 18, 2014, and when the New Jersey Supreme Court denied certification on October 3, 2017. (ECF No. 5 at 3). Petitioner's response addresses

1

this issue. From the record submitted by Petitioner, it is now clear that Petitioner did not file his petition for certification with the New Jersey Supreme Court until May 23, 2017, almost three years after his PCR appeal concluded. (ECF No. 6 at 9). The only reason Petitioner provides to explain this delay is that "it [was] impossible to prepare any argument timely due to the loss of his legal work when transported to new housing forcing petitioner to file '*nunc pro tunc*.'" (*Id.* at 2). Indeed, this was the same reason Petitioner submitted to the New Jersey Supreme Court to justify his late filing. (*Id.* at 5-6). However, in his filing with the New Jersey Supreme Court, Petitioner admits that he was notified of the PCR appeal denial around the time it was decided in 2014, but "[a]ll I had was the denial from the Appellate Division, and the rest of my legal documents were still lost. I needed the rest of my legal documents to file for Certification." (*Id.* at 6).

Irrespective of these assertions, the Petition is untimely because the petition for certification was filed more than a year after the PCR appeal had concluded, regardless of whether the New Jersey Supreme Court had accepted the petition for certification as timely. Federal law provides petitioners only one year to file a habeas petition. 28 U.S.C. § 2244(d). When reviewing federal habeas petitions, this Court is governed by federal rules, case law, and statutes regarding the timeliness of such petitions. *Lee v. Hastings*, No. 13-2190, 2015 WL 5177619, at *3 (D.N.J. Sept. 3, 2015). Accordingly, this Court and courts in this district have repeatedly held that § 2244(d)'s statute of limitations runs independently from any state-imposed time limits. *See Murphy v. Holmes*, No. 12-3188, 2015 WL 5177640, at *2 (D.N.J. Sept. 4, 2015); *Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *3 (D.N.J. Mar. 25, 2015); *Anderson v. Goodwin*, No. 08-5183, 2010 WL 3812366, at *7 (D.N.J. Sept. 22, 2010) ("[W]hile Anderson's state PCR petition may not have been untimely under state law, it certainly was untimely under the federal statute of limitations for habeas actions."). It does not matter that Petitioner's petition for

certification was accepted as timely by the state court; federal habeas petitions are governed by federal habeas statutes and federal law.

Even if the Court construes Petitioner's assertions as setting forth an argument for equitable tolling, such argument is unpersuasive. Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Extraordinary circumstances permitting equitable tolling include: "(1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *3 (D.N.J. May 1, 2009). Reasonable diligence is required of the petitioner both during the filing of the federal habeas petition and during the period petitioner is exhausting state court remedies. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). The fact that a petitioner is proceeding *pro se* "does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

Here, Petitioner did not exercise reasonable diligence. Petitioner readily admits that he was notified of the PCR appeal denial in 2014. Although he "started the arduous process of re-construction of [his] new Trial brief in the hope [he] could file [his] certification with-in time[,]" (ECF No. 6 at 6), Petitioner did not exercise reasonable diligence in waiting three years to do so. For a petitioner to obtain relief, there must be a causal connection between the extraordinary circumstances and the petitioner's failure to file a timely federal petition. *Ross*, 712 F.3d at 803. That is, it is not enough for a party to merely show that he experienced extraordinary

circumstances; he must also demonstrate that the circumstances caused him to miss the original filing deadline. *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). This demonstration cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Indeed, federal law provides petitioners only one year to file an entire habeas petition. Here, Petitioner appears to suggest that he should have been afforded three years to file a state petition for certification. While the Court recognizes that there was a short window (20 days) to file a timely petition for certification after his appeal was denied, *see* N.J. Court Rules 2:12–3(a), Petitioner's inability to meet that deadline is not a valid excuse, especially when his federal statute of limitations continued to run. To the extent that Petitioner was ignorant of the workings of his federal statute of limitations, "lack of legal knowledge or miscalculation regarding the . . . filing period" does not excuse an untimely filing. *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008). Accordingly, the Petition is dismissed as time-barred.

Lastly, the Court denies a certificate of appealability. Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that denial of the Petition is correct.

Date: February 1, 2019

CLAIRE C. CECCHI, U.S.D.J.