**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MARTINEZ, : | Civil Action No. 18-1493 (CCC) |
| Petitioner, : | |
| : | **OPINION** |
| GEORGE ROBINSON, et al., : | |
| Respondents. : | |

**CECCHI, District Judge:**

Presently before the Court is John Martinez's ("Petitioner") Motion for Reconsideration ("Motion") (ECF No. 9) challenging this Court's Opinion dismissing his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 as time-barred. *See* ECF No. 7. For the reasons stated below, the Court denies the Motion.

**I.    STANDARD OF REVIEW**

Whether brought pursuant to Federal Rule of Civil Procedure 59(e), or pursuant to Local Civil Rule 7.1(i), the scope of a motion for reconsideration is extremely limited, and such motions should only be granted sparingly. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (discussing Rule 59(e)); *Delanoy v. Twp. Of Ocean*, No. 13–1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (discussing Local Civil Rule 7.1(i)). An order of the Court may be altered or amended pursuant to a motion for reconsideration only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL

2235103 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying the same standard to 59(e) motions). In the context of a reconsideration motion, manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *Brown v. Zickefoose*, No. 11–3330, 2011 WL 5007829, at *2 n.3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order. *Delanoy*, 2015 WL 2235103 at *2. As such, a court should grant a motion for reconsideration only where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Id.*

## II. DISCUSSION

In dismissing the habeas petition as time-barred, this Court referenced the lengthy gap between when Petitioner's post-conviction relief ("PCR") appeal was denied on August 18, 2014, and when he filed his petition for certification on May 23, 2017. ECF No. 7 at 1-2. The Court considered Petitioner's explanations for the gap—including his argument that his legal papers were lost, and that he filed his petition for certification *nunc pro tunc*—but nonetheless found the Petition untimely. Id. at 2.

In the instant Motion, Petitioner largely reiterates the same arguments he raised previously. He argues: (1) Petitioner's state court filings have been timely; (2) Petitioner's loss of personal property affected his filings; and (3) Petitioner's medical condition has negatively impacted his ability to argue his case. ECF No. 9 at 1-2. The first two arguments were thoroughly addressed by this Court in its previous Opinion (*see* ECF No. 7) and the Court will not entertain these same arguments a second time. *See Banda v. Adams*, No. 15-1887, 2016 WL 819620, at *2 (D.N.J.

Mar. 1, 2016) ("[A] motion for reconsideration may not be used to reargue matters already argued and disposed of by the court."); *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be used as . . . an attempt to relitigate a point of disagreement between the Court and the litigant.") The Court has reviewed the exhibits attached to the instant Motion and notes that they address only Petitioner's filings in the state appellate court. The exhibits have no bearing on Petitioner's delayed filing of his petition for certification.

With respect to Petitioner's medical condition, he references his chemotherapy which began in 2016, and rendered him "confused and unclear of [his] surroundings[.]" ECF No. 9-1 at 2. While the Court is sympathetic to Petitioner's medical condition, the Court notes that Petitioner's second PCR appeal was denied in August of 2014 and Petitioner's chemotherapy treatment began in 2016. Petitioner has not accounted for the lengthy gap between August 2014 and 2016. The Court also notes that Petitioner raises arguments relating to his deteriorating health condition for the first time here even though these facts were previously available to him, which is improper on a motion for reconsideration. *See Delanoy*, 2015 WL 2235103 at *3 (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (The prohibition against presenting new facts in a motion for reconsideration "includes new arguments that were previously available, but not pressed."). For these reasons, Petitioner's Motion is denied.

### III. **CONCLUSION**

For the reasons set forth above, Petitioner's motion for reconsideration is denied. An appropriate Order follows.

**DATED:** October 4, 2019

Claire C. Cecchi, U.S.D.J.